## Bailey v. Altland

*Lillian M. Morgan,* for plaintiff.
*Christopher W. Mattson,* for defendant Robert Altland.

ERB, *J.,* August 25, 1983—Defendant Robert Altland, M.D., (hereinafter defendant) has filed preliminary objections in the nature of a demurrer to plaintiffs' malpractice action against him, which is before the court for consideration.

Plaintiffs filed an action in assumpsit and trespass against defendant and several drug manufacturers

and distributors, alleging that defendant's prescription of certain birth-control medications, after he had incorrectly determined that Mary A. Bailey was not pregnant, caused plaintiff Amanda J. Bailey to suffer birth defects.

Defendant demurs to the action in assumpsit set forth in Count II of the complaint, contending that it avers a breach of the continuing contract to provide proper medical care and treatment to plaintiff Mary A. Bailey, without alleging a special contract to cure. (See defendant's demurrer, paragraphs one and two.) Defendant argues that in the absence of a specific contract to cure, Pennsylvania law does not recognize a general assumpsit cause of action based upon the physician-patient relationship but rather supports a malpractice suit in trespass.

Based on our review of the pertinent case law, we find defendant's position to be correct and will therefore grant his demurrer.

Plaintiffs allege only the usual physician-patient relationship between defendant and Mary Bailey in that defendant acted as her family doctor, attended to her medical needs and maintained a continuing contract to provide her with proper medical care and treatment. (See plaintiff's complaint, paragraphs 35 and 36.)

Our courts have long recognized the negligence basis for an action to recover damages arising from the malpractice of a physician. In Collins v. Hand, 431 Pa. 378, 246 A.2d 398 (1968), the court said at page 383:

"Considerable case law of our court has dealt with the standard of care required of a physician. In the absence of a special contract, a physician is neither a warrantor of a cure nor a guarantor of the result of his treatment. The plaintiff in a malpractice action must prove either that (1) the physician did not pos-

sess and employ the required skill and knowledge or (2) that he did not exercise the care and judgment of a reasonable man in like cases and that the injury complained of either (1) resulted from the failure on the part of the physician to possess and employ the required skill and knowledge, or (2) resulted from his failure to exercise the care and judgment of a reasonable man in like circumstances." (Cases omitted.)

Our courts have also allowed an assumpsit action where a physician binds himself by an express contract to obtain specific results by treatment or an operation. Mason v. Western Pennsylvania Hospital, 286 Pa. Super. 354, 428 A.2d 1366 (1981). In the absence of a special contract, however, a physician is neither a warrantor of a cure, nor a guarantor of the result of his treatment. Collins v. Hand, 431 Pa. 378, 246 A.2d 398 (1968); Smith v. Yohe, 412 Pa. 94, 194 A.2d 167 (1963); Carl v. Matzko, 213 Pa. Super. 446, 248 A.2d 808 (1968); and Shaheen v. Knight, 11 D.&C.2d 41 (1957). The Mason and Shaheen cases involved sterilization procedures in which the physicians bound themselves by express contracts to obtain particular results. The Mason case found a cause of action for breach of contract based on plaintiff's allegation of an express warranty, supported by consideration. Mason v. Western Pennsylvania Hospital, 286 Pa. Super. at 359. The Shaheen plaintiff was also able to sue under a "special contract in which defendant agreed to make him 'immediately and permanently sterile and guaranteed the results thereof.' " Shaheen v. Knight, 11 D.&C.2d at 44.

Plaintiff here has alleged no such specific guarantee or contract to cure. Therefore, we must decide whether we will expand the assumpsit cause of action to a situation where only the general physician-

patient relationship exists by implying a promise on the part of the physician that he will treat the patient with the skill which is already required to avoid negligent treatment.

While we can find no appellate cases on this issue, we agree with two lower court decisions.

In Fioten v. Harrisburg Hospital, 9 D.&C.3d 676 (1979), in considering whether to allow an assumpsit against defendant hospital, Judge Wickersham said, at page 676:

"Finally, with respect to Count IX of the complaint, defendant argues that plaintiff has failed to state a cause of action upon which relief can be granted. The substance of Count IX is that defendant breached its contract with plaintiff to provide her with care commensurate with her needs. It is the law in this Commonwealth that a hospital is subject to liability to a paying patient who suffers personal injuries as a result of the hospital's negligence. Flagiello v. Penna. Hospital, 417 Pa. 486, 208 A.2d 193 (1965). The issue which defendant raises here is whether such liability is contractual or whether it is based upon tort concepts. Professor Prosser, in The Law of Torts, makes the following observation: '. . . [w]hen the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that is essentially one of tort, which the plaintiff *cannot alter by his pleading.* (Emphasis supplied.) Law of Torts (4th ed. 1971), Ch. 16 §92, p. 621. See also Friedline v. Bryan, 26 Cumberland 231 (1975).' "

In Peterman v. Geisinger Medical Center, FD&C3d 432, in an opinion on the same issue, Judge Myers said, at page 436:

"Counts III, IV, and V of the complaint allege the existence of contractual relationships between Mr.

Peterman and defendants. In their preliminary objections, defendants assert that the contract counts should be stricken as redundant.

"Plaintiffs concede that the contract claims essentially duplicate the tort counts. Further, plaintiffs concede that the case is primarily a tort matter, and that the governing principles fundamentally sound [sic] in tort.

"Nonetheless, plaintiffs urge the court to overrule the preliminary objections, with the understanding that plaintiffs will withdraw the contract counts before the case is submitted to the jury, absent some unexpected development hereby the distinction between tort and contract might conceivably become significant.

"In our view, however, the contract claims are redundant and, as such, should be dismissed. The gravamen of plaintiff's action is in tort, and therefore, one properly instituted and maintained in trespass: Friedline v. Bryan, 26 Cumb. 231 (1975). See also Universal Film Exchanges, Inc. v. Hirsh, 21 D.&C.2d 154 (1960)."

As we view the posture of the case before us, in order to recover, plaintiff must establish that the injuries occurred from the failure of defendant to follow the standard clearly set forth in Collins v. Hand, supra, and to establish the damages flowing from that injury. That claim has been traditionally addressed as a tort. To now further complicate the final determination of that issue by the jury by adding an assumpsit claim, needlessly burdens its just resolution.

We conclude, in the words of Judge Myers, "the contract claims are redundant and, as such, should be dismissed."

Accordingly, we enter the following

## ORDER

And now, this August 25, 1983, defendant's Robert Altland, M.D., preliminary objections in the form of a demurrer to Count II of plaintiffs' Amanda J. Bailey, a minor, by Mary A. Bailey, her guardian, and Mary A. Bailey and Kevin H. Bailey, individually, complaint is granted and said count is dismissed.